UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRELL K. HAZE,

       Plaintiff,

v.

            Case No. 13-CV-1454-JPS

GARY G. COLE and
CITY OF MILWAUKEE,

            ORDER

       Defendants.

    The Court screened the plaintiff's complaint on February 11, 2014. (Docket #8). Doing so, it found that the plaintiff's claim against defendant Gary Cole should be allowed to proceed, but dismissed the plaintiff's claim against the City of Milwaukee ("the City") because the plaintiff had not alleged a policy, practice, or custom against the City. (Docket #8). The Court allowed the plaintiff fourteen days to amend his complaint to allege facts against the City of Milwaukee that could support his claim. (Docket #8). The plaintiff filed an amended complaint. (Docket #9).

    The Court's task now is to screen the plaintiff's allegations against the City, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether the plaintiff should be allowed to proceed on it. To do so, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

    To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only

"give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In performing its analysis of whether Mr. Haze has failed to state a claim, the Court must be sure to give his *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Even giving Mr. Haze's amended complaint a liberal construction, the Court finds that it fails to state a claim against the City. In his amended complaint, the plaintiff writes entirely in generalities and conclusions. He

states that the City was negligent in hiring, training, supervising, disciplining, retaining, and promoting its agents (presumably including the defendant officer). He also alleges that the City turned a blind eye to abuses by its officers. These failures, he asserts, caused the violation of his civil rights. However, these are entirely legal conclusions. Mr. Haze does not assert *any* facts that would support his contention that the City had some sort of policy or custom that could expose it to liability under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Simply put, Mr. Haze does not allege any factual matter whatsoever, and thus the Court cannot draw the reasonable inference that the City is liable for misconduct; therefore, his claim against the City cannot stand. *Ashcroft v. Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555).

Accordingly, the Court will again dismiss the plaintiff's claims against the City. This time, however, because the Court has given the plaintiff ample opportunity to amend his complaint, the Court will not provide the plaintiff with leave to amend. Instead, the plaintiff may proceed only on his claims against Officer Cole. In his most recent amended complaint, he pleaded substantially the same facts that the Court previously found sufficient to state a claim. (Compare Docket #10 with Docket #8; Docket #9). The Court will, therefore, allow the plaintiff to proceed on those claims, while dismissing the claim against the City in his amended complaint.

At such time as Officer Cole has made an appearance by his attorney, the Court will schedule a scheduling conference at which the parties will be expected to appear.

Accordingly,

IT IS ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2) and the plaintiff's failure to state a claim against the City, the plaintiff's claim against the City in his amended complaint (Docket #10) be and the same are hereby DISMISSED without prejudice. However, the plaintiff shall still be permitted to proceed on his claims against Officer Cole.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 4 of 4

Case 2:13-cv-01454-JPS   Filed 02/24/14   Page 4 of 4   Document 10